[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 6, 2011
JOHN LEY
CLERK

No. 10-14429
Non-Argument Calendar
_____

D. C. Docket No. 1:09-cv-00401-WKW-SRW

CROP PRODUCTION SERVICES, INC.,
a Delaware corporation,

                                             Plaintiff-Appellee,

versus

JANICE LAYTON, an individual,
GREG LAYTON, an individual,

                                             Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(October 6, 2011)

Before TJOFLAT, CARNES and BLACK, Circuit Judges.

PER CURIAM:

Janice Layton and Greg Layton appeal the district court's final judgment following a bench trial in favor of Crop Production Services, Inc. (CPS). The Laytons assert (1) the district court erred by concluding Janice Layton's Credit Application and Agreement (Agreement) was effective for the credit extended to her in 2008 and (2) the district court's almost verbatim use of CPS's findings of fact and conclusions of law constitutes reversible error. After review, we affirm.[1]

I.

The Laytons contend the hand-written notation of "December 1, 2007" next to the typewritten word "terms" on the first page of the Agreement serves as a termination date, while CPS asserts the clause is part of the application and represents the initial payment term. To interpret this clause, a court looks first to the language of the Agreement, and then resolves any ambiguity using extrinsic evidence. *See USI Properties East, Inc. v. Simpson*, 938 P.2d 168, 173 (Colo. 1997).[2]

The district court did not err in concluding the Laytons' 2007 Agreement applies to the extension of credit by CPS in 2008. The Agreement gives CPS the

---

[1] This court reviews factual findings made by a district court after a bench trial for clear error, Fed. R. Civ. Proc. Rule 52(a)(6), while questions of law are reviewed de novo, *Commodity Futures Trading Comm'n v. Levy*, 541 F.3d 1102, 1110 (11th Cir. 2008).

[2] As provided in the Agreement, Colorado law governs its interpretation.

"right to reduce the Credit Limit and/or withdraw credit under this Credit Agreement at any time without prior notice," and provides all credit sales "are due and payable in full by the due date according to the terms of the sale specified on the invoice." These provisions anticipate the due date of the amounts owed may change during the life of the Agreement, indicating the Agreement will continue beyond the initial payment term of December 1, 2007. Assuming the language of the Agreement is ambiguous, however, the district court did not err in relying on extrinsic evidence, specifically the testimony of Andy Armstrong, to reach its conclusion. *See Stano v. Butterworth*, 51 F.3d 942, 944 (11th Cir. 1995) (recognizing this Court gives deference to the district court's opportunity to judge the credibility of witnesses). Moreover, after finding the Agreement did not terminate on December 1, 2007, the court found no credible evidence it was ever terminated. We see no clear error in the court's findings.

## II.

The Laytons assert for the first time on appeal that the court erred when it used substantial portions of CPS's proposed findings of fact and conclusions of law in its Order. At the conclusion of the bench trial, the court asked each party to submit proposed findings of fact and conclusions of law. The court then entered an order confirming this request. Without objection, the parties submitted their

3

proposals.  The Laytons never objected to the court's request and did not raise this issue in their subsequent motion for a new trial.  We will not consider it on appeal. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (noting this Court will not consider an issue raised for the first time on appeal).

**AFFIRM.**